Marek TOBIASZ, Petitioner,

v.

Michael B. MUKASEY, Attorney General,* Respondent.

No. 07–0463–ag.

United States Court of Appeals, Second Circuit.

Feb. 20, 2008.

Anthony J. Fusco, Jr., Law Offices of Michael G. Brucki, LLC, Linden, NJ, for Petitioner.

R. Alexander Goring, Attorney (Cindy F. Ferrier, Senior Litigation Counsel, on the brief), Office of Immigration Litigation, U.S. Department of Justice, for Peter D. Keisler, Assistant Attorney General, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Marek Tobiasz, a citizen of Poland, petitions for review of the January 10, 2007 BIA order denying his motion to reopen his deportation proceedings. *In re Tobiasz*, No. A73 160 607, 2007 WL 275851 (B.I.A. Jan. 10, 2007). The motion to reopen follows an April 5, 2002 BIA order affirming Immigration Judge ("IJ") Robert Weisel's decision denying Tobiasz suspension of deportation under former INA § 244(a)(1). *In re Tobiasz*, No. A73 160 607 (B.I.A. Apr. 5, 2002), *aff'g* No. A73 160 607 (Immig. Ct. N.Y. City May 6, 1998). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Tobiasz contends that the BIA abused its discretion in denying as untimely his motion to reopen because the BIA erred in refusing to equitably toll the ninety-day limitation period for filing such a motion, *see* 8 C.F.R. § 1003.2(c)(2). Tobiasz argues that he received ineffective assistance of counsel when his counsel failed to file a brief supporting his appeal of the IJ's May 6, 1998 decision and failed to inform him of the BIA's April 5, 2002 dismissal of his

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

appeal. In order to equitably toll the filing deadline for a motion to reopen based on a claim of ineffective assistance of counsel, "an alien must demonstrate not only that the alien's constitutional right to due process has been violated by the conduct of counsel, but that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (per curiam) (internal quotation marks omitted). We conclude that the BIA did not err in finding that Tobiasz failed to establish due diligence. Tobiasz has not alleged facts demonstrating his diligence in pursuing his case, such as any efforts to communicate with his former attorney during the four years between the BIA's dismissal of his appeal and his motion to reopen. Because Tobiasz bears the burden of establishing due diligence, the BIA did not abuse its discretion in refusing to equitably toll the limitations period and denying his motion to reopen.[1]

For the foregoing reasons, the petition for review is DENIED.

---

1. Because we affirm the BIA's decision based on Tobiasz's failure to establish due diligence, we need not address the BIA's alternative finding that Tobiasz was not prejudiced by his former attorney's conduct. *See Iavorski v. INS*, 232 F.3d 124, 129 (2d Cir.2000).